■ GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Respondents, v CHRIS AXENTIOU et al., Defendants, and FRANK CRYSTAL & CO., INC., Appellant. [597 NYS2d 401] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about September 24, 1992, which denied defendant-appellant's motion to dismiss the complaint based on documentary evidence, or, alternatively, for summary judgment, unanimously affirmed, with costs.

We agree with the IAS Court that Insurance Law § 2121 (a), "designed to relieve the insured from all risks stemming from a broker's possible dishonesty or insolvency" *(Bohlinger v Zanger,* 306 NY 228, 237 [Fuld, J., dissenting]), does not afford the same protection to a broker, such as appellant, who, pursuant to an arrangement with a cobroker, forwards a premium payment to the cobroker who then fails to remit the premium to the insurer. And, although appellant's documentary evidence does show that it paid the premium to codefendant-cobroker, nevertheless, appellant can be held liable for codefendant's theft of premium if, as plaintiff claims, appellant and codefendants had entered into a joint venture to procure the policy in question. The existence of such a joint venture is, as the IAS Court held, an issue of fact more appropriately to be considered after joinder of issue. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.